IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jason Deangelo Brazzle, ) | Case No.: 8:25-cv-03126-JD-WSB |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Richland County, C. Harvey, Sgt. Mr. ) | |
| Pough, Sgt. M. Lark, Sgt. Clark, Sgt. ) | |
| Pinkney, Sgt. Goldwire, Officer D. ) | |
| Dukes, Officer J. Madison, Officer R. ) | |
| Jamieson, Officer K. Igbotch, Officer ) | |
| Y. Mitchel, Columbia Police ) | |
| Department, Dr. Gordon, Maj. ) | |
| Haynes, Capt. Moye, Lt. McCollough, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge William S. Brown (DE 19) issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Report concerns the Magistrate Judge's review of Plaintiff Jason Deangelo Brazzle's ("Plaintiff" or "Brazzle") Complaint (DE 1) and Plaintiff's Motion to Dismiss (DE 13) his pending state court criminal charges.[1]

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

## A. Background

The Report accurately outlines the relevant facts and legal standards, which the Court incorporates herein by reference. The following summary is provided for context.

Plaintiff brings this civil action against multiple defendants, including Richland County, various officers and supervisory personnel at the Alvin S. Glenn Detention Center, and the Columbia Police Department. The allegations stem from a series of incidents that Plaintiff contends occurred both prior to and during his pretrial detention.

According to the Complaint, on May 4, 2024, Plaintiff was released from Richland Memorial Hospital and was being prepared for transport to the detention facility. Plaintiff alleges that while being removed from one handcuff, an unidentified officer assaulted him. He further claims he was then tased by another officer and transported to the detention center without receiving medical treatment for injuries sustained in the hospital parking lot. Plaintiff attributes these actions to the Columbia Police Department. (DE 1 at 7.)

Plaintiff further alleges that while incarcerated at the detention center, he was subjected to excessive force and denied adequate medical care. On July 5, 2024, Sgt. Pough allegedly slammed a cell door on Plaintiff, causing injury to his lower back. Plaintiff claims he was seen by medical personnel, treated with pain medication for seven days and ice packs for three days, but denied x-rays. (DE 1 at 8.) He also alleges

that Nurse Halsey treated him for these injuries on July 6, 2024, and that she can serve as a witness to his condition. (*Id.*)

Plaintiff alleges that from June 26 to June 28, 2024, Sgt. Goldwire and Sgt. Coleman subjected him to cruel and unusual punishment by placing him on suicide watch in a holding cell that lacked running water and a functional toilet, which allegedly contained human feces. Plaintiff contends this experience resulted in PTSD and ongoing mental health treatment. (*Id.* at 9.)

Plaintiff also brings defamation and slander claims against Officer K. Igbotch, Officer R. Jamieson, and Officer D. Dukes. Plaintiff asserts that on August 2, 2024, Officer Igbotch told other detainees that Plaintiff was a "snitch," which led to an assault resulting in injuries to Plaintiff's shoulder and knuckles. (*Id.*) He alleges a similar incident occurred on December 4, 2024, when Officer Jamieson made the same accusation, leading to another assault. (*Id.* at 10.) Plaintiff claims Officer Dukes made such statements both in front of other detainees and in the presence of his criminal defense attorney. (*Id.*)

On October 20, 2024, Plaintiff contends that Sgt. Pinkney and Officer Y. Mitchel refused to allow him to shower, despite a doctor's order related to a bacterial infection in his right big toe. As a result, Plaintiff claims the infection worsened and required antibiotic treatment. He further alleges that the officers were written up for their conduct. (DE 1 at 11.)

Plaintiff also alleges that on March 7, 2025, Sgt. Lark assaulted him by grabbing him in a threatening manner as if to cause harm. (*Id.*)

Along with the individual claims, Plaintiff asserts municipal liability against Richland County and supervisory liability against Lt. McCollough, Dr. Gordon, Maj. Haynes, and Capt. Moye. He alleges that these defendants are responsible for inhumane living conditions, abuse of power, cruel and unusual punishment, and lack of security. (DE 1 at 12.)

For his injuries, Plaintiff claims to suffer from lower back pain related to the incident involving Sgt. Pough, and alleges he was treated with pain medication and ice packs but denied x-rays. He also asserts that he continues to suffer psychological trauma because of the various alleged incidents. (*Id.* at 13.) As relief, Plaintiff seeks $1.7 million in compensatory damages and $3.3 million in punitive damages. (*Id.*)

The Report takes judicial notice that Plaintiff is currently facing numerous criminal charges in the Richland County Court of General Sessions. These include charges for armed robbery, burglary, kidnapping, assault and battery, weapons violations, and related offenses, as reflected in publicly available records from the Richland County Fifth Judicial Circuit. (DE 19 at 4.)

### B. Report and Recommendation

On June 16, 2025, the Magistrate Judge issued a Report recommending that the following defendants be dismissed from this action: Richland County, Director C. Harvey, and Sgt. M. Lark, Sgt. Clark, Officer J. Madison, Columbia Police Department, Dr. Gordon, Maj. Haynes, Capt. Moye, and Lt. McCollough. (DE 19 at 17.) The dismissal of these Defendants is based on several grounds, including the failure to plead personal involvement in any alleged constitutional violations, the

4

inapplicability of municipal and supervisory liability under § 1983 in the absence of a policy, custom or affirmative conduct, and the legal incapacity of certain entities, such as the Columbia Police Department, to be sued under § 1983. (*Id.* at 8–14.)

Specifically, the Magistrate Judge found that Plaintiff failed to state a viable municipal liability claim against Richland County or the Columbia Police Department, as the Complaint contains no allegations identifying an unconstitutional policy or custom attributable to those entities. (*Id.* at 8–11.) The Magistrate Judge further concluded that Plaintiff failed to assert a cognizable supervisory liability claim against Lt. McCollough, Dr. Gordon, Maj. Haynes, and Capt. Moye, because the Complaint does not allege facts establishing that these Defendants had actual or constructive knowledge of any misconduct or failed to respond appropriately. (*Id.* at 12–13.) Plaintiff also included no factual allegations against Director Harvey, Sgt. Clark, or Officer Madison, beyond their identification in the case caption. (*Id.* at 13.) The claim against Sgt. Lark was also found insufficient, as the alleged conduct—grabbing Plaintiff "in a threatful [sic] manner"—did not rise to the level of a constitutional violation. (*Id.* at 14–15.)

The Magistrate Judge recommended that Plaintiff's claims against Defendants Sgt. Pough, Sgt. Pinkney, Sgt. Goldwire, Officer D. Dukes, Officer R. Jamieson, Officer K. Igbotch, and Officer Y. Mitchel be permitted to proceed, finding that the allegations against these individuals could survive initial screening. (DE 19 at 15.)

Finally, the Magistrate Judge recommended denial of Plaintiff's Motion to Dismiss his state criminal charges (DE 13), concluding that this Court lacks authority

5

to order dismissal of pending state court criminal proceedings in a civil rights action and that such relief is barred by the doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971). (DE 19 at 15–17.) On July 10, 2025, Plaintiff filed a letter stating he would like to file an objection, but he needs more time to address the issues raised by the Court. (DE 26.)

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Discussion

The Report was entered on June 16, 2025, and objections were due by June 30, 2025. (DE 19.) On July 10, 2025—ten days after the expiration of the objection deadline—Plaintiff filed a letter indicating his intent to object to the dismissal of

6

several Defendants, including Richland County, the Columbia Police Department, Director C. Harvey, Lt. McCollough, Sgt. Lark, and Sgt. Clark. (DE 26.) Plaintiff further asserts that he has submitted complaints against Sgt. Lark for assault and against Sgt. Clark for cruel and unusual punishment. Plaintiff also states that he is working with an attorney to obtain the names of the officers employed by the Columbia Police Department and information about its policies, and he requests more time to provide this information. (*Id.*)

Although the letter is untimely, the Court has liberally construed Plaintiff's pro se filing and has reviewed it as a potential objection to the Report. That said, the letter fails to raise specific, actionable objections sufficient to warrant deviation from the Magistrate Judge's well-reasoned recommendations.

As to Richland County and the Columbia Police Department, the Report correctly concluded that Plaintiff failed to state a claim for municipal liability under 42 U.S.C. § 1983. The Complaint does not allege the existence of any municipal policy or custom that was the moving force behind the alleged constitutional violations. (DE 1 at 7–12.) While Plaintiff now asserts that he is attempting to gather more information with the assistance of counsel, he does not present any current factual allegations that would cure the deficiencies identified in the Report. Conclusory references to ongoing efforts to identify unnamed individuals or policies are not enough to justify delaying resolution of the claims. *See Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (affirming dismissal where claims were not supported by sufficient factual content).

As to Sgt. Lark and Sgt. Clark, Plaintiff's letter references complaints he has purportedly submitted regarding their conduct. However, the original Complaint is devoid of factual allegations against Sgt. Clark entirely (DE 1), and the lone allegation against Sgt. Lark—that he grabbed Plaintiff "in a threatful manner" (DE 1 at 11)—was properly deemed insufficient by the Magistrate Judge to state a plausible constitutional claim. *See Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) ("[N]ot every malevolent touch by a prison guard gives rise to a federal cause of action."). Plaintiff's post hoc references to submitted complaints, without factual detail or supporting allegations within the Complaint, do not provide a basis to reject the Magistrate Judge's findings.

Plaintiff also challenges the dismissal of Director C. Harvey and Lt. McCollough. The Report correctly concluded that Plaintiff failed to allege any personal involvement or conduct attributable to these Defendants. (DE 19 at 13.) The Complaint contains no factual allegations linking these individuals to the events described, nor does it articulate any basis for supervisory liability under *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Plaintiff's letter does not remedy this deficiency.

In short, although Plaintiff expresses a general desire to pursue claims against certain Defendants and to obtain additional evidence, he has not submitted any specific or timely objection that addresses the substantive findings in the Report. The Court finds no basis to disturb the Magistrate Judge's conclusions. Plaintiff's objections, as construed from the letter at Docket Entry 26, are overruled.

### E. Conclusion

Having conducted a thorough review of the Report and the record, and finding no clear error, the Court adopts the Report (DE 19) and incorporates it herein by reference.

Accordingly, it is **ORDERED** that:

1. The following Defendants are DISMISSED from this action: Richland County, Columbia Police Department, Director C. Harvey, Lt. McCollough, Dr. Gordon, Maj. Haynes, Capt. Moye, Sgt. M. Lark, Sgt. Clark, and Officer J. Madison;

2. Plaintiff's Motion to Dismiss his state court criminal charges (DE 13) is DENIED;

3. Plaintiff's claims against Defendants Sgt. Pough, Sgt. Pinkney, Sgt. Goldwire, Officer D. Dukes, Officer R. Jamieson, Officer K. Igbotch, and Officer Y. Mitchel shall proceed in accordance with the Order authorizing service.

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
July 23, 2025

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.